NEW-YORK,
May, 1831.

Garlock
v.
Geortner.

## GARLOCK vs. GEORTNER.

Where the *payee* of a note, after it was duly made and delivered, gave it to the *maker* to keep, until certain acts to be done by the maker were performed, who subsequently refused to re-deliver it to the payee, *it was held*, that the circumstances under which the note came to the possession of the maker might be given in evidence in an action by the payee, to recover the amount thereof.

ERROR from the Montgomery common pleas. Garlock sued Geortner in a justice's court, and declared against him specially, that on the 24th November, 1827, on the settlement of an action of slander which he was prosecuting against Geortner, the latter agreed to pay him $50 for his damages, and to pay the costs of the suit; that Geortner drew a note for about $50, payable to the plaintiff, or to him or order, or bearer, with interest; which note he alleged to be then in the possession of the defendant, and which he required him to produce on the trial of the cause, or parol evidence of its contents would be given. He also charged the defendant to be indebted to him in the sum of $50, agreed by him to be paid to the plaintiff on the settlement of a slander suit, and in the like sum for the amount of a certain promissory note, drawn by the defendant, payable to the plaintiff, or bearer, or order, one year after date, with the interest, dated on or about the 24th November, 1827. The defendant pleaded the general issue, and gave notice that he would prove that the note was voluntarily delivered up by the plaintiff to the defendant. The cause was removed by appeal into the common pleas. The plaintiff proved the agreement to settle the slander suit, the making of a note by the defendant for $50, payable one year after date, with interest, the delivery of the same to the plaintiff, the payment of the costs of the slander suit, and that the same was no further prosecuted. The plaintiff then called upon the defendant to produce the note, and on his refusing to do so, offered to proved that on the same day when the settlement of the slander suit took place, the plaintiff, under an impression that the defendant was entitled to the possession of the note until the costs were adjusted and paid, gave up the note to the de-

fendant, and told him to keep it until the costs were paid or settled ; that after receiving it, the defendant promised to pay the costs, and to pay the amount of the note when it became due and also that after the defendant had paid the costs of such slander suit, the defendant made a similar promise; which evidence was objected to by the defendant, and rejected by the court, who thereupon nonsuited the plaintiff, on which judgment was entered. The plaintiff sued out a writ of error.

*D. Eacker*, for plaintiff in error.

*D. Cady*, for defendant in error.

*By the Court*, NELSON, J. The court erred in refusing to admit the evidence offered to be given by the plaintiff, to account for not producing the note, the amount of which he was seeking to recover. The execution and delivery of the note by the defendant to the plaintiff was proved, and whether it was intended to be given up and relinquished by the plaintiff or not, when put in the defendant's possession, should have been submitted to the jury. If the note was put by the plaintiff into the possession of the defendant through misapprehension, or ignorance of his rights, or for safe keeping merely, or for any other cause inconsistent with the intention of relinquishing his property in it, for aught appearing in the bill of exceptions, the plaintiff would be entitled to recover.

The plaintiff should have been allowed, if he could, to explain the possession of the note by the defendant, as well to rebut the *prima facie* inference of extingnishment of it, as to account for its non-production on the trial.

Judgment reversed, and *venire de novo* awarded.