### BLAZY v. McLEAN.

*(Supreme Court, General Term, Fifth Department.    January 23, 1891.)*

MORTGAGES—ABSOLUTE DEED—RECONVEYANCE.

Plaintiff's husband and others purchased land from defendant, part of the purchase money being secured by a deed to defendant of certain lots belonging to plaintiff, in which deed plaintiff joined. Defendant contended that it was afterwards agreed between him and the other parties to the contract of sale that the lots conveyed to him should be taken by him absolutely in part payment of the price of the land sold by him, but this arrangement was not assented to by plaintiff. It further appeared that defendant had executed a writing reciting that the original contract by which plaintiff's lots had been conveyed to him as collateral security had been canceled. *Held,* that defendant would be required to reconvey plaintiff's lots to her.

Appeal from special term, Monroe county.

Action by Elizabeth Blazy against Hector McLean. From a judgment entered on an interlocutory judgment, previously rendered, and on the report of a referee to whom had been referred the matter of the rents and profits of certain real estate while in defendant's possession, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*C. C. Davy,* for appellant.    *E. W. Gardner,* for respondent.

MACOMBER, J.    This action was brought for the purpose of compelling the defendant to convey to the plaintiff, by a good and sufficient deed, the title of lots 29 and 30, on the north side of Weeger street, in the city of Rochester; and also for a recovery of the rents, issues, and profits of such lands during the occupancy thereof by the defendant. The interlocutory judgment was rendered in behalf of the plaintiff, and a reference was ordered to ascertain the amount of such rents, issues, and profits. Upon the coming in of such report, it was found that the value thereof was $716.66. Many exceptions were filed to such report, but they have all been abandoned by the learned counsel for the appellant upon this appeal. The question, therefore, before us relates wholly to the original interlocutory judgment pronounced by the special term. Prior to the 23d day of January, 1878, the plaintiff was the owner of these lots 29 and 30. On that day the defendant and John Blazy and Augustus C. White entered into a contract, under their hands and seals, by which the defendant, in consideration of the sum of $5,092.52, agreed to convey to such parties certain lands other than those involved in this action. As a part of such agreement, but in a separate writing on the back of the first paper, it was agreed that John Blazy and Augustus C. White should pay to the defendant the sum of $2,000, with semi-annual interest, from and after the 1st day of January, 1878; such $2,000 and interest being secured in part by a deed exe-

cuted by Elizabeth Blazy and John Blazy to the defendant of lots 29 and 30, above mentioned. This sum of $2,000 was to be paid to the defendant prior to the execution of the deed by the defendant to John Blazy and White; and on the sale of said lots by the defendant the avails of said sale, after paying all expenses, were to be applied on the $2,000. It was found by the court, upon substantially undisputed evidence, that the deed of lots Nos. 29 and 30, though absolute in form, was executed, delivered, and received as security for the payment of this sum of money. The defendant took possession of such property on Weeger street, and he has continued in possession thereof ever since. John Blazy and Augustus C. White, under the contract above mentioned, took possession of the lands mentioned as being conveyed to them, situate in Orleans county, and moved onto the same with their families. But afterwards John Blazy removed from such lands, leaving White in possession thereof. The defendant, by a full covenant deed dated April 28, 1880, conveyed to one Eleanor White the lands in Orleans county described in the contract; and he now claims that the lots 29 and 30 on Weeger street were turned out to him absolutely as part payment for the Orleans county lands. The plaintiff did not consent to the arrangement between Augustus C. White and the defendant, by which lots 29 and 30 on Weeger street were turned out to the defendant as a part of the consideration of the purchase by White. The defendant is shown to have made a memorandum in writing, by which the original contract. for which the deed of lots 29 and 30 had been executed as collateral security, had been canceled and taken up in the year 1879. There is no evidence to impeach this writing; there is much to confirm it. No fact is shown whereby it may be claimed that the land contract with John Blazy and White was forfeited on account of the failure of White and Blazy to make payments in accordance with the terms thereof. The case shows, with great abundance of evidence, that the plaintiff had no knowledge of and never consented to the pretended arrangement between White and the defendant by which the Weeger-Street property should be applied, in part, as payment for the lands in Orleans county. From the evidence as well as the findings, it is clear that the plaintiff executed the deed of lots 29 and 30 as collateral security for the payment by White to the defendant of $2,000 and interest, and for nothing further. A rescission of the contract with White would necessarily cancel the collateral security itself, and put an end to the contract, or any claim made against the plaintiff's property by reason thereof. Where property is held as collateral security only for the payment of a certain sum of money by other parties, and the obligation for the payment of the money is rescinded, the property held as such security reverts to the owner, and an action to compel a reconveyance thereof may be maintained. The judgment should be affirmed, with costs. All concur.