ELIZABETH BLAZY, Respondent, *v.* HECTOR McLEAN, Appellant.

B., plaintiff's husband, and one W., entered into a contract with defendant for the purchase of a farm by them of him for $5,092.52, "and other stipulations and payments heretofore made and to be performed;" these were not set forth. Indorsed upon the contract, however, was an agreement by the vendees to pay defendant in addition to said sum, $2,000, and interest, "secured in part" by a deed from B. and wife of certain lots belonging to her, said $2,000 to be paid to McL. prior to the execution of a deed by him to his vendees, and on a sale by McL. of the lots conveyed, the avails, after paying expenses, were to be applied on said $2,000. McL. subsequently conveyed the farm to the wife of W. for a new consideration agreed upon between them, and without the knowledge or consent of B. or his wife. In an action to compel defendant to reconvey said lots to plaintiff, and to pay her the rents received, *held,* that the deed from B. and wife was given as collateral security, and so, was in effect a mortgage, and as it appeared that the debt it was given to secure no longer existed, plaintiff, in the absence of other proof, was entitled to the relief sought.

Defendant alleged in his answer and offered to prove on the trial that the deed of the lots was in fact delivered by plaintiff and accepted by him as an absolute payment of the $2,000. This was objected to and excluded upon the ground that the written contract was conclusive. *Held,* error; that the rule invoked was not applicable as between one of the parties to the contract and a stranger.

(Argued October 15, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought to compel defendant to reconvey to defendant certain premises in the city of Rochester and to recover the value of the use and the rental value thereof from January 24, 1878, the date when defendant took possession of the same.

The facts, so far as material, are stated in the opinion.

*Cassius C. Davy* for appellant. The two written instruments must be read and construed as one contract. (*Marsh*

v. *Dodge,* 66 N. Y. 533 ; *Whittlesey* v. *Delaney,* 73 id. 571.)
The deed given by plaintiff to defendant was a payment *pro
tanto* upon the contract. (3 Pars. on Cont. [7th ed.] 294, 295 ;
Thomas on Mort. § 60 ; *Ware* v. *Westfall,* 21 Barb. 177 ;
*Thomas* v. *Barton,* 48 N. Y. 193 ; *Hazeltine* v. *Moore,* 21
Hun, 355.) The notice given by Blazy to defendant of his
refusal to perform the contract, followed by his abandonment
of the farm, forfeited his rights in the contract, and plaintiff's
rights in the city lots followed the forfeiture by Blazy, her
husband. Unless he is in position to demand repayment of
any money he paid upon the contract, she is not in position to
demand a reconveyance of the city lots. (*Havens* v. *Patterson,*
43 N. Y. 218 ; *Chapin* v. *Power,* 7 Paige, 145.) No tender
of a deed to Blazy was necessary, after his notice of refusal
to perform the contract. (*Wright* v. *Moore,* 21 Wend. 230 ;
*Lawrence* v. *Miller,* 86 N. Y. 131, 137 ; *Johnson* v. *Blyden-
burgh,* 31 id. 247 ; *Graves* v. *White* 87 id. 463–465.) After
default of the vendee the deed should, therefore, be governed
by the same rules that would obtain if it had been a partial
payment, so far as any cancellation of it is concerned. (*Havens*
v. *Patterson,* 43 N. Y. 218 ; *Page* v. *McDonnell,* 55 id. 299 ;
*Lawrence* v. *Miller,* 86 id. 131.) Plaintiff cannot complain.
The city lots were accepted by defendant at their full value.
(*Lobdell* v. *Lobdell,* 36 N. Y. 337.) Plaintiff is estopped from
recovering back the premises until she or the other parties to
the contract have repaid to defendant the amount for which
the premises were pledged. (Willard's Eq. Juris. 429–432,
446 ; Boone on Mortgages, § 301.) Fraud, and collusion which
is fraud also, are to be proven, not presumed. (1 Story's Eq.
Juris. § 190 ; *Morris* v. *Talcott,* 96 N. Y. 100 ; *Haskins* v.
*Kelly,* 1 Abb. Pr. 63 ; Boone on Mortgages, § 302.) The
action being based on fraud and tried upon that theory,
recovery cannot be had upon other grounds. (*Ross* v.
*Mather,* 51 N. Y. 108 ; *McMichael* v. *Kilmer,* 76 id. 36.)
When a recovery is sought on the ground of fraud, the
party alleging the fraud must act promptly on its discovery.
(*St. John* v. *Youmans,* 13 Wkly. Dig. 354 ; *Bruce* v. *Daven-*

*port*, 5 Abb. [N. S.] 185, 190 ; *People* v. *Stephens*, 71 N. Y. 527, 559 ; *Cobb* v. *Hatfield*, 46 id. 533 ; *Hay* v. *S. F. Ins. Co.*, 77 id. 235 ; *Platt* v. *Platt*, 58 id. 646.) The parties cannot be restored to their original position. (*Bradley* v. *Bosley*, 1 Barb. Ch. 125.) There are no findings to support the first conclusion of law " that defendant should execute, acknowledge and deliver to the plaintiff a good and sufficient deed to reconvey to said plaintiff the said lots 29 and 30, on the north side of Weeger street in the city of Rochester, described in the complaint, with a covenant of warranty against his own acts." (*Stoddard* v. *Whiting*, 46 N. Y. 627 ; *Oberlander* v. *Spies*, 45 id. 175.) Defendant was not allowed to show either the conversations between defendant and plaintiff in reference to the execution of the deed, or the conversations between her and her husband and White, by which she was induced to execute it. This was erroneous. ( *Wheeler* v. *Billings*, 38 N. Y. 263 ; *Platner* v. *Platner*, 78 id. 90 ; *Hutchins* v. *Hebbard*, 34 id. 24 ; *Juilliard* v. *Chaffee*, 92 id. 529 ; *L. M. Co.* v. *S. Ins. Co.*, 88 id. 591 ; *Coleman* v. *N. Bank*, 53 id. 388 ; *Dempsey* v. *Kipp*, 61 id. 463 ; *Van Brunt* v. *Daly*, 81 id. 251 ; *Routledge* v. *W. Co.*, 119 id. 592 ; *Barker* v. *Bradley*, 42 id. 316 ; *Rider* v. *Pomell*, 26 id. 310.) It was important to show what plaintiff's husband said at the time he notified defendant of his abandonment of the contract and all that he did or said at this time was material and relevant. (*Proctor* v. *Thompson*, 15 Abb. [N. C.] 340 ; *Graves* v. *White*, 87 N. Y. 463 ; *Walsh* v. *Gossler*, 89 id. 542.)

*E. W. Gardner* for respondent. Even if John Blazy, one of the parties to the land contract, had been the owner of this Weeger street property, and had conveyed it to defendant as an absolute payment for $2,000 on this land contract, or made payments in cash, and the contract was afterwards rescinded and canceled by the mutual consent of the parties, without a specific release by Blazy, he could compel a reconveyance by defendant to him or a repayment to him of the money paid

on the contract. (*Graves* v. *White*, 87 N. Y. 463 ; *Thrasher* v. *Bently*, 2 T. & C. 309 ; 59 N. Y. 649 ; 1 Abb. [N. C.] 39, 45 ; *Utter* v. *Stuart*, 30 Barb. 20 ; *Battle* v. *R. C. Bank*, 3 N. Y. 88 ; *Tice* v. *Zinsser*, 76 id. 549 ; *Gillett* v. *Maynard*, 5 Johns. 85 ; 1 Abb. [N. C.] 45 ; *Morange* v. *Morris*, 3 Keyes, 49 ; *Bigler* v. *Morgan*, 77 N. Y. 318 ; *Lawrence* v. *Taylor*, 5 Hill, 115 ; *Raymond* v. *Barnard*, 12 Johns. 274 ; *Fuller* v. *Reville*, 3 Hun, 600.) In equity cases, even the receipt of improper evidence is not sufficient to reverse a judgment. It is presumed that the court in deciding the case disregards the improper evidence. (*McSorley* v. *Hughes*, 58 Hun, 360 ; *Healy* v. *Clark*, 120 N. Y. 642.)

Finch, J. The deed of the plaintiff and her husband to the defendant McLean was declared by the judgment below to have been in truth a collateral security. The property which it covered belonged to the plaintiff in her own right, and the deed was delivered by her husband apparently in accordance with the terms of a written contract. John Blazy, the husband, and Augustus C. White, as parties of the second part, had contracted with McLean, as party of the first part, for the purchase by them of a farm. That contract recited a consideration of five thousand and ninety-two dollars and fifty-two cents, " with other stipulations and payments heretofore made and to be performed," and was signed by the vendor and vendees. What those other stipulations and payments were the contract does not recite ; but indorsed upon it appears the following memorandum, signed by all the parties : " In addition to the within payments of $5,092$\frac{52}{100}$, we the parties of the second part agree to pay to the party of the first part two thousand dollars, with semi-annual interest on the same from and after the 1st day of January, 1878, said $2,000 and interest being *secured in part* by a deed executed by Elizabeth Blazy and John Blazy on lots Nos. 29 and 30 on the north side of Weeger street in the city of Rochester, and said $2,000 to be paid to the party of the first part prior to the execution of a deed to the parties of the second part ; and on the sale of said

lots by said McLean the avails of said sale, after paying all expenses, are to be applied on the $2,000 aforesaid, this being a part of the original agreement."

By the terms of this memorandum, two thousand dollars was added to the purchase-price, and that sum was declared to be "secured in part" by Mrs. Blazy's deed. The two lots were not to be taken in payment of the two thousand dollars, but to become security for that payment "in part." If the transfer was absolute there was no need of the additional memorandum, or, if made, the price of the lots should have been credited at once.

This contract was dated January 23, 1878, and the deed was delivered by the husband the next day. There is no ambiguity in this writing. Blazy and White agreed to pay McLean $2,000 before the delivery of his deed, and Mrs. Blazy gave her deed as collateral security for their debt. It was, therefore, in substance and effect, a mortgage. The evidence further shows that the debt which it was intended to secure no longer exists. McLean has conveyed the farm to Mrs. White for a new consideration agreed upon between them, and without the knowledge or consent of Blazy or his wife. Of course he cannot now claim that the debt of two thousand dollars remains, and that he is entitled to hold the Rochester lots as collateral security.

But he takes a different position. He claims in his answer that he took the deed of Mrs. Blazy as payment in full for the $2,000; that Blazy, as vendee, abandoned the contract and forfeited the payment, and the vendor, accepting that abandonment, delivered up the contract as canceled and annulled and resold the premises to Mrs. White. It is evident that this theory cannot stand upon the face of the written contract. That shows that McLean did not take the lots at $2,000 and agree to credit that sum on the contract; and that he took them as security only in part, and if he sold them was to credit merely what he received. There was thus no error in the finding of fact that the deed was given as collateral security, upon the facts permitted to be proven. The debt having been

extinguished a reconveyance was a natural and necessary consequence.

But the defendant offered to show a very different state of facts. Three times he sought permission to prove that the deed was delivered by Mrs. Blazy and accepted by him as a complete and absolute transfer of the lots, and for which he agreed to allow two thousand dollars as a payment upon her husband's contract. By the evidence of Blazy, the husband, it appears that there were two occasions on which the subject of the deed was more or less discussed with the wife. One of these was on the day of the execution of the contract, and the other on the next day when the deed was signed and acknowledged. The defendant offered to prove that on each of these occasions it was explained to Mrs. Blazy that the deed was to be absolute, and the value of the lots be at once applied upon the contract. This evidence was steadily excluded. Just that agreement with the wife was pleaded in the answer, and no ground of objection was stated on the trial, and no allusion to the point is made in the opinion of the General Term. The rulings are briefly defended by the respondent upon the ground that the written contract was conclusive. That is true where the contest is between the parties to the instrument, but not true as against a stranger to it. (*Sprague* v. *Hosmer*, 82 N. Y. 466; *Lowell Manfg. Co.* v. *Safe. F. Ins. Co.*, 88 id. 591.) Mrs. Blazy was no party to this contract and not bound by it. Notwithstanding the agreement of the parties to take the lots as collateral, she was at liberty to apply them absolutely or not at all on her husband's contract, and the parties to that were at liberty to induce her, if they could fairly, to take that action. When the deed was executed the three parties and Mrs. Blazy were together, and one of defendant's offers was to show that on that occasion the effect of the deed was explained to her, and she agreed to deliver it absolutely as a payment of $2,000 on the contract, which the defendant agreed to accept and indorse. I cannot discover any lawful objection to that evidence. It does not even contradict or vary the writing. It only shows performance. By the contract Blazy and White

were to pay two thousand dollars at any time before the vendor should convey and Mrs. Blazy's deed was to be given as security. But if she paid the $2,000 at once no security was needed, and the proof offered showed simply an immediate payment in accord with the terms of the contract, and which merely made the provision for security needless, and superfluous. The rejected evidence shut out the defense, and I am compelled to say that its rejection seems to me to have been a material error.

For this reason the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except RUGER, Ch. J., not voting.

Judgment reversed.