tention is not supported by the authorities. Avery v. Slack, 17 Wend. 87; Mooney v. Railroad Co., 3 Daly, 108; Horton v. Fancher, 14 Hun, 175; Wheeler v. Lampman, 14 Johns. 481; Sullivan v. Frazee, 4 Rob. N. Y. 620. If it were true that such appearance waived the objections previously taken, it would not aid the respondent, for the reason that no one was authorized to appear generally for the defendant. On the contrary, it appears clearly from the return that the defendant had authorized Hewitt to appear for the purpose of objecting to the jurisdiction of the court, and for no other purpose; and, inasmuch as the plaintiff himself objected to Hewitt's authority to appear for the defendant, it became necessary, after such objections were interposed, for Hewitt to make proof of his authority, which he did not do, except for a special purpose. Section 2890 of the Code of Civil Procedure is imperative:

"The justice shall not suffer a person to appear as an attorney unless his authority is admitted by the adverse party, or proved by the affidavit or oral testimony of himself or another."

Here Hewitt's authority was not admitted. On the contrary, it was disputed, and no proof was given except to appear for a special purpose. See Sperry v. Reynolds, 65 N. Y. 189.

For the foregoing reasons, I think the justice erred in refusing to dismiss the action. The judgment should be reversed.

---

(4 Misc. Rep. 575.)

MITCHELL v. ROCHESTER RY. CO.

(Circuit Court, Monroe County. August, 1893.)

NEGLIGENCE—PROXIMATE CAUSE—INJURIES CAUSED BY FRIGHT.

Where plaintiff was frightened by a negligent act of defendant, and became ill in consequence of the fright, the negligence was the proximate cause of plaintiff's illness, and defendant is liable therefor.

Action by Mitchell against the Rochester Railway Company to recover damages for personal injuries. Plaintiff was nonsuited, and now moves for a new trial on the minutes of the judge. Granted.

Morris Bull, for plaintiff.
Charles J. Bissell, for defendant.

RUMSEY, J. The defendant is a street-railroad corporation in the city of Rochester. The facts of this case are that on April 1, 1891, the plaintiff was standing upon a crosswalk upon Main street, awaiting an opportunity to go aboard one of the defendant's cars, which stood upon the street at the walk. At the place where she stood, the street had a steep grade towards the west. As she stood there, and just before she stepped upon the car, a horse car of the defendant's came from the east down the hill. The driver of the car had driven it at such a speed that he was unable to stop it before it reached the car which the plaintiff was about to take. As it approached the plaintiff's car, the horses sprung off to the right, and, before they were checked, had come down to the

plaintiff so that their heads were upon either side of her, and she was almost run down by them. The fright and excitement of the occurrence made the plaintiff unconscious. As the result of the shock she then sustained she suffered a miscarriage, and was sick for a long time. It appeared from the testimony of the physicians that the mental shock which she then received was a sufficient cause for all the physical ailments from which she subsequently suffered. At the close of the plaintiff's testimony, a nonsuit was granted upon the ground that no action would lie for a negligent act of defendant where the only injury produced as the result of that act is fright or apprehension of danger, although such fright is followed by a physical injury which is the result of it. Upon this motion the plaintiff attacks the correctness of that ruling, and insists that it is error for which a new trial should be granted.

There can be no doubt, I think, that although the plaintiff was about to go aboard the car of the defendant, yet, as she stood there upon the crosswalk, not yet having put her foot upon the car, she had not become a passenger, so that the defendant was responsible for her safety, any more than it was for any other person who was lawfully upon the crosswalk. Platt v. Railroad Co., 2 Hun, 124; Creamer v. Railroad Co., 156 Mass. 320, 31 N. E. Rep. 391. The opinion of Barker, J., in the last-cited case, sufficiently states the relative duties of the street-car company and one who is about to become, or has just ceased being, a passenger upon its railroad, so that no further discussion of that point is necessary. Her rights upon the crosswalk were precisely the same as those of any other person who had occasion to use it. So far as the defendant is concerned, it was proper for her to stand there, because that was the place where it was in the habit of stopping its car to receive passengers, and where it actually had stopped the car for the plaintiff to go aboard. The plaintiff being rightfully there, it was the duty of the defendant to use all reasonable care not to injure her or to expose her to unnecessary peril. Any failure to perform that duty towards her was undoubtedly negligence, for which, if it was followed by injury to her, the defendant would be liable. Upon the facts the jury would have been justified in finding that the driver was negligent in the management of his car and horses as he approached that crosswalk.

There is no doubt that after the occurrence the plaintiff suffered a very serious physical ailment. The evidence of the physicians was that such an ailment might have been brought on, and was frequently brought on, by a great mental shock or fright. This case, therefore, differs from those where there is no physical injury as the result of the negligence, but where the plaintiff suffered nothing but mental anguish or "pain of mind." Wyman v. Leavitt, 71 Me. 227; Johnson v. Wells, Fargo & Co., 6 Nev. 224. In those cases, and in several others which were cited upon the argument, the plaintiff had claimed to recover for "pain of mind," or mental anxiety, which had been caused by the negligent act of the defendant. It may be conceded that where no physical injury whatever has been suffered by the plaintiff; but only a severe fright, followed

by no serious consequences, an action will not lie for damages on account of the negligence of the defendant. The rule in that regard is laid down in the case of Canning v. Inhabitants of Williamstown, 1 Cush. 451, to the effect that damages are not recoverable on account of a risk or peril which causes only fright and mental suffering, but, where any actual injury to the plaintiff is sustained, the accompanying mental suffering is a part of the injury, for which damages may be recovered. The case of Ewing v. Railroad Co., 147 Pa. St. 40, 23 Atl. Rep. 340, seems to have been decided by the court upon that principle, for it is said there that the plaintiff's "only injury proceeded from fright, alarm, fear, and nervous excitement and distress, and there was no allegation that she had received any bodily injury;" and the court say that there is no case "in which it has been held that mere fright, unaccompanied by some injury to the person, has been held actionable." But in this case the jury might have found that the serious bodily sickness from which the plaintiff afterwards suffered was the result of the mental shock caused by the negligence of the defendant.

The question, then, which is presented in the case, is: Can it be said that the negligent act of the defendant was not the proximate cause, in a legal sense, of the physical injury suffered by the plaintiff, or is it necessary in all cases that there should be an actual blow or impact upon the person of the plaintiff to enable her to recover for injuries which can be traced to a negligent act? It is said by the court of appeals of this state that where an injury to one is caused by, and is the natural and probable result of, the wrongful act of another, such other is liable therefor, although other causes put in motion by the act or omission, and which, in the absence thereof, would not have produced the result, contributed to the injury. Pollett v. Long, 56 N. Y. 200. In the case of Lowery v. Railroad Co., 99 N. Y. 158, 1 N. E. Rep. 608, a coal of fire fell from a locomotive on the defendant's road, upon a horse attached to a wagon in the street below, because of which the horse became frightened and ran away. The driver attempted to drive him against a curbstone to stop him, when the wagon went over the curbstone, and struck the plaintiff and injured him. In an action brought for the injury it was held that the act of the defendant in allowing the coal to fall upon the horse, thus frightening him, was the proximate cause of the injury to the plaintiff, and the plaintiff was permitted to recover, although the injury was not caused directly by the coal of fire, but by the act of the driver in endeavoring to control his horse. In the case of Railway Co. v. Kellogg, 94 U. S. 469, a fire was negligently communicated from the defendant's steamboat to an elevator, and thence to the plaintiff's building, situated at some distance away. In an action against the railroad company for the destruction of the building it was held that the burning of the second building was the natural and probable consequence of the wrongful act of the defendant, and the plaintiff was entitled to recover. The court in that case examined at some length what may be said to be the proximate cause. It is there said:

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments; as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the market place. Scott v. Shepherd, 2 W. Bl. 892. The question always is, was there an unbroken connection between the wrongful act and the injury,—a continuous operation? Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

### The court further say:

"We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But, when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause, disconnected from the primary fault and self-operating, which produced the injury. Here lies the difficulty. But the inquiry must be answered in accordance with common understanding. In a succession of dependent events, an interval may always be seen by an acute mind between a cause and its effect, though it may be so imperceptible as to be overlooked by a common mind." "In the nature of things, there is in every transaction a succession of events more or less dependent upon those preceding, and it is the province of a jury to look at this succession of events or facts, and ascertain whether they are naturally and probably connected with each other by a continuous sequence, or are dissevered by new and independent agencies; and this must be determined in view of the circumstances existing at the time."

The rule is well settled that where a person, by the negligence of another, is placed in such apparent imminent danger that, in obedience to the instinct of self-preservation, he attempts to escape, and, thus attempting, sustains an injury, a recovery may be had against the negligent person, although it appears that, if no attempt to escape had been made, no injury would have been suffered. The principle upon which those cases rest is that the negligence of the defendant was the proximate cause of the injury to the plaintiff, and so long as the injury can be traced to that cause, in absence of any other intelligent act intervening, the defendant is liable. In this case there is no question that, as a matter of fact, the jury might have found that the negligence of the defendant caused the mental shock to the plaintiff, and that that shock directly produced her miscarriage. That this was a serious physical injury cannot be doubted. Within the rule laid down in the cases above, if it can be said that there was an unbroken connection between the negligence of the defendant and the physical injury of the plaintiff, one must be said to be the proximate cause of the other. There is no doubt that if the horses of the defendant had struck the plain-

tiff, and broken her leg, she could recover for that injury. So if, to avoid the impending collision between herself and the horses, she had sprung aside, and fallen and broken her leg, she could undoubtedly recover; but in the last case the immediate cause of the injury was her instinctive action caused by her conclusion that it was necessary to escape. The injury which she actually received was quite as serious a physical injury as though she had broken her leg. The fact that there was a mental cause for the injury, clearly traceable to the negligent act, ought not to relieve the defendant from the consequences of its wrongful act. In several well-considered cases it has been held that the defendant is liable for a physical injury caused by a mental shock which was the direct result of the defendant's negligence. Purcell v. Railway Co., 48 Minn. 134, 50 N. W. Rep. 1034; Fitzpatrick v. Railway Co., 12 U. C. Q. B. 645. The case of Vandenburgh v. Truax, 4 Denio, 464, establishes the principle claimed by the plaintiff in this action. In that case the defendant, with a weapon, attacked a boy, who fled from him into the plaintiff's store, and, in his efforts to escape, knocked the faucet out of a cask of wine. The wine ran out and was wasted. In an action brought against the defendant it was held that the negligence of the defendant was the proximate cause of the loss of the plaintiff's wine, and the plaintiff was permitted to recover. The principle is that the question to be decided in every case is whether the injury can be traced directly to the negligence without any intervening independent cause sufficient to produce it. Where that can be done, the negligent person is held liable. I cannot discover any principle which will enable one to say that, where the negligence produces a mental condition which necessarily causes physical injury, the negligent person should not be liable to the same extent as though he had brought into existence a physical condition which did the same thing. It may be said, as was said in the case of Ewing v. Railway Co., 147 Pa. St. 40, 23 Atl. Rep. 340, that such a holding may enlarge greatly the scope of what are known as "accident cases;" but the argument ab inconvenienti is never of much force, and least of all when it is invoked to enable one to avoid a necessary legal conclusion.

The defendant cites the case of Commissioners v. Coultas, 13 App. Cas. 222. In that case the plaintiff, in the supreme court of the colony of Victoria, recovered damages from the defendants because of the negligence of a gate keeper on the defendants' railway, from the effect of which the plaintiff received a severe nervous shock, followed by a long illness, the consequence of the fright. Upon an appeal to the privy council the judgment of the supreme court of Victoria was reversed. No cases seem to have been cited upon the argument, except some from the English courts, which were not applicable. The court decline to decide whether "impact" upon the person of the plaintiff was necessary to enable her to recover for the physical injuries following the occurrence, but they hold that damages arising from the mere sudden terror, unaccompanied by actual physical injury, cannot be recovered. The case seems to have been decided upon the theory that there was

no actual physical injury, and for the reason that mental injuries alone were not the subject of an action. No authorities are examined, and there is no particular discussion of the case. Although the court which decided the case is one of high rank, yet the case itself does not strike me as of much authority. The weight to be given to any decided case as an authority depends not alone upon the rank of the court, but upon the solidity of the reasons upon which the decision is founded, and the perspicuity and precision with which those reasons are expressed. Yates v. Lansing, 9 Johns. 395, 415. The defendant also cites, to sustain her point, the case of Lehman v. Railroad Co., 47 Hun, 355. Upon the facts stated in the report of that case there can be no doubt that the decision was correct, because there was no charge of negligence on the part of the defendant. But the printed case shows that negligence was alleged in the complaint. This, however, seems to have been entirely overlooked by the general term in deciding the case, and as they say nothing about the negligence of the defendant in their opinion, and do not discuss the reasons for their decision, it is fair to suppose that the question of negligence was in some way eliminated from the case. For that reason I do not regard the case as one which is decisive here.

It is not intended here to impugn the well-settled and wholesome rule that no damages can be recovered against a negligent person for purely mental suffering, unaccompanied by any physical injury. It is decided simply that where a physical injury is the natural result of the negligence, although it proceeds from a mental shock caused directly by the negligent act, the defendant is liable, if the jury might find from the evidence that the shock caused the injury. Upon a careful consideration I am forced to the conclusion that this case should have been submitted to the jury, and that it would have been competent for the jury, upon the facts which appear, to conclude that the negligence of the defendant was the proximate cause of the injury which befell the plaintiff. For that reason it was error to nonsuit, and there should be a new trial. Motion for a new trial granted.