# DECISIONS IN CASES NOT REPORTED.

## FIFTH DEPARTMENT, MARCH TERM, 1894.

John E. Thomas, Respondent, v. George A. Davis, Appellant.— Judgment and order appealed from affirmed. Lewis, J., not sitting.

Frederick Beuerlein, Jr., Respondent, v. Cornelius O'Leary, Appellant.— Judgment appealed from affirmed, with costs.

Mary K. Gibbs, Respondent, v. George A. Carnahan, as Executor, etc., Appellant.— Judgment and order appealed from affirmed.

Annie Mitchell, Respondent, v. The Rochester Railway Company, Appellant.— Order granting new trial appealed from affirmed, with costs on opinion of Rumsey, J., at Circuit.

George G. Manning and Others, Respondents, v. Lewis P. Beck and Others, Appellants.— Judgment appealed from affirmed, with costs.

Elizabeth Blazy, Respondent, v. Hector McLean, Appellant.— Judgment appealed from affirmed, with costs.—

DWIGHT, P. J.: The action was to compel a reconveyance to the plaintiff by the defendant of two city lots in the city of Rochester, which had once been conveyed to the defendant by the plaintiff by a deed absolute on its face, but which by an instrument in writing, contemporaneously executed by the defendant, was declared to be collateral security for the payment of $2,000, part of the purchase price of a farm in Orleans county, which the defendant, at the same time, contracted to convey to John Blazy, the husband of the plaintiff, and one White. The complaint also asked for an accounting by the defendant for the rents and profits of the lots in question during the time they had been occupied by him. The $2,000 was to be paid prior to the execution of a deed of the farm by the defendant to Blazy and White. The action was first tried at an equity term in Monroe county where it was found and held that the deed of the plaintiff was given only as collateral security, as above stated; that the contract under which the $2,000 was payable to the defendant had been canceled by agreement of the parties thereto, and that the farm had been subsequently conveyed by the defendant, under a new contract and for a new consideration, to the wife of White; that the debt for the payment of which the collateral security was given by the plaintiff no longer existed; that such security was thereby discharged and that the plaintiff was entitled to the relief demanded in her complaint. An interlocutory judgment was rendered accordingly, and a reference was ordered to take the account and ascertain the amount of the rents and profits chargeable to the defendant. On the coming in of the referee's report final judgment was entered from which an appeal was taken to this court, where the judgment was affirmed and the findings and conclusions of the Special Term were fully sustained. (See opinion of the court by Macomber, J., 35 N. Y. St. Repr. 409.) On appeal from the judgment of this court to the Court of Appeals the same view was taken of all the questions arising upon the evidence as was taken at Special Term. It was held, in an opinion by Finch, J., that upon the case so made the deed was collateral security only; that the debt secured thereby had been discharged by the act and consent of the defendant, and that a reconveyance was the necessary consequence. But the judgment appealed from was reversed and a new trial ordered on the sole ground that evidence offered by the defendant for the purpose of showing that, notwithstanding the instrument in the nature of a defeasance, the plaintiff had delivered her deed to the defendant as an absolute transfer of the lots and for which he agreed to allow $2,000, as a payment upon her husband's contract. (*Blazy* v. *McLean*, 129 N. Y. 44.) On the new trial, which is now under review, the evidence was in all respects the same as on the previous trial — being read by consent from the stenographer's minutes — except that the defendant was permitted to give such evidence as he could in pursuance of his offer made on the former trial. That evidence proved to be utterly inadequate to establish the fact indicated by the offer, and the proposition was negatived by the findings of the referee. In other respects his findings and conclusions were to the same effect as those of the court on the former trial, and the judgment directed by him was the same as the former judgment. There seems to us to be no question left for consideration on this appeal. The case now made is the same as that which resulted in the former judgment; and on that case, as held both by this court and the Court of Appeals, the plaintiff was entitled to the judgment appealed from. That judgment must, therefore, be affirmed. Lewis, Haight and Bradley, JJ., concurred.

Frank H. Lovell, Respondent, v. George W. Jacobs, Appellant.— Judgment appealed from affirmed, with costs.

Allegany Lumber Company (Limited), Appellant, v. William Hoyt and Another, as Surviving Partners, etc., Respondents.— Judgment appealed from affirmed.— The action was brought for an alleged breach of contract made between the parties, of date May 15, 1884, by which the defendants agreed to sell to the plaintiff all the hemlock timber, after it had been cut and the bark peeled from it, on certain described lands in McKean and Bradford counties, State of Pennsylvania, at a certain price per specified quantity, also the cherry, ash, oak, cucumber, basswood, whitewood, pine and black birch upon the lands at another price specified. It was stated in the contract that the defendants intended to construct a railroad from the terminus of the New York, Lake Erie and Western railroad in the city of Bradford, up the west branch of the Tunangwant creek, and up Fuller brook to the east line of warrant No. 3422, to be furnished with an engine, the railroad to be and remain under the management and control of the defendants, subject to the terms of their contract with the New York, Lake Erie and Western Railroad Company of date May 9,1884, and that the parties and Benjamin F. Hazelton should have the right and privilege of using the railroad and engine for the purpose of moving bark, logs and lumber, they respectively to furnish their own rolling stock other than the engine; that the cost and expense of operating and maintaining the railroad after its completion be borne by the plaintiff, defendants and Hazelton *pro rata*, in proportion to the number of car loads shipped over it by each; and that the plaintiff should have equal rights and facilities with the defendants