(116 App. Div. 711)

CULLINAN, State Excise Com'r, v. HORAN et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. TRIAL—OBJECTION TO QUESTION—DELAY IN INTERPOSITION.

Objection to a question interposed after it was answered, there being nothing to indicate that it could not have been made before the answer, is too late.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 183–190.]

2. EVIDENCE—BEST AND SECONDARY—INTOXICATING LIQUORS—ISSUANCE OF LIQ-
    UOR TAX CERTIFICATE.

    The county treasurer may testify that he issued the liquor tax certifi-
    cate mentioned in the indorsement made and signed by him pursuant to
    Liquor Tax Law, Laws 1900, p. 857, c. 367, § 17, subd. 11, on the state-
    ment made by an applicant for a certificate; the provision of said sec-
    tion that said indorsement shall be competent and sufficient prima facie
    evidence of all the facts stated therein not making it the only competent
    and sufficient evidence thereof.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 471,
    492, 501.]

3. INTOXICATING LIQUORS—BOND ON ISSUE OF LIQUOR TAX CERTIFICATE—AC-
    TION ON BOND—EVIDENCE.

    In an action on a bond given by one to whom a liquor tax certificate was
    issued, the obligation of the bond being that during the period liquors
    were sold under authority of the certificate the premises should not be
    used for illegal purposes, it is sufficiently shown that at the time of an ille-
    gal sale, during the natural life of the certificate, such certificate was in
    force, by evidence that it was then displayed in his place, testimony of the
    county treasurer that such certificate holder obtained no other certificate
    covering any of such period, and evidence that at the time of the illegal
    sale of liquor such holder said he had only a "growler's" license and could
    not sell by the drink.

Appeal from Trial Term, Rockland County.

Action by Patrick W. Cullinan, as state commissioner of excise of
the state of New York, against Henry Horan and the Federal Union
Surety Company. From a judgment for plaintiff, entered on a verdict
directed by the court, and from an order denying a motion to set aside
the verdict and for a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER,
GAYNOR, and MILLER, JJ.

Charles S. MacKenzie (Cortland A. Kiernan, on the brief), for
appellants.

Samuel H. Salisbury, for respondent.

JENKS, J. This is an action by the state commissioner of excise
against the holder of a liquor tax certificate and his surety to recover
the penalty of the excise bond. The defendants answered separate-
ly. Upon the trial the surety company alone appeared; but it never
cross-examined the plaintiff's witnesses, nor offered testimony. At the
close of the plaintiff's case the defendant surety company moved to
dismiss the complaint, but its motion was denied, under exception, and
the court, under exceptions, directed a verdict for the plaintiff, and
denied a motion for a new trial, made under section 999 of the Code
of Civil Procedure.

It is contended that the learned trial court erred in the following
ruling: Mr. Randolph, the county treasurer, produced the papers
filed by the holder of the certificate upon his application therefor,
and testified that they were the originals on file in his office. He was
then asked:

"Q. Are these the original documents on file at your office? A. Yes. Q.
Those indorsements were made by you in your handwriting, and that is
your signature to them? A. My clerk's handwriting. Q. Upon the filing

of this application and statement and execution of the bond, did you issue to him the certificate mentioned on the indorsement of that paper? A. I did.

"Counsel for the Defendant: I object to that as not the best evidence. It is always within the power of the excise department to procure the original.

"The Court: Are you offering them in evidence?

"Plaintiff's Counsel: Yes.

"The Court: Mark them.

"(Papers referred to admitted in evidence and marked Exhibits D and E.)"

The objection was interposed after the question was answered, and there is nothing to indicate that it could not have been made before answer was made. Under such circumstances we are not bound to consider it. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696. There was no motion made to strike out the answer. Again there was no exception taken. However, I will consider the merits.

The objection, "I object to that as not the best evidence," immediately followed by the statement, "It is always within the power of the excise department to procure the original," plainly indicates that the objection is made to the oral proof that the treasurer issued the certificate mentioned in the paper. I think that such oral proof of issue was competent. Subdivision 11 of section 17 of the liquor tax law (Laws 1900, p. 857, c. 367) does not provide that the certificate shall be the only competent and sufficient prima facie evidence of all the facts. A case strongly in point is Commonwealth v. Dill, 156 Mass. 226, 30 N. E. 1016. In that case objection was taken to the oral proof of marriage, on the ground that the record should be produced; and the court, per Holmes, J., said:

"It is true that the record by statute is presumptive evidence of the marriage (Pub. St. 1882, c. 145, § 29); but the record of a marriage is not like the record of a divorce, or other judgment or decree. It is a mere memorandum or declaration of the fact which effected the result, not itself the fact, nor that which has been constituted the only evidence of the fact. Section 31. There is no reason why the oath of the person who did the act should be deemed inferior evidence to a written statement by him or another. Commonwealth v. Norcross, 9 Mass. 492; Commonwealth v. Waterman, 122 Mass. 43, 59; Commonwealth v. Stevenson, 142 Mass. 466, 468, 8 N. E. 341; State v. Marvin, 35 N. H. 22."

See, too, Sprague v. Hosmer, 82 N. Y. 466.

Moreover, Rogers testifies that he visited the holder's premises in April, 1905, and then saw a liquor tax certificate for 1904 and 1905 posted in the window. This was competent evidence. Commonwealth v. Brown, 124 Mass. 318.

It is also contended that the plaintiff failed to show that the bond was in force at the time of the alleged violations. The alleged violations of law were made on April 22, 1902, during the natural life of a liquor tax certificate and when such certificate was in the possession of the holder. The bond was read in evidence. The obligation thereof was that during the period liquors were sold under the authority of the certificate the premises were not to be used for illegal purposes. Cullinan v. Fidelity & C. Co. (Parker Cert.) 84 App. Div. 296, 82 N. Y. Supp. 827, affirmed on opinion below 177 N. Y. 573, 69 N. E. 1122.

The point is made that it cannot be presumed that the certificate issued continued in existence from June, 1904, until April 22, 1905. But the plaintiff did not rest upon presumption. The county treasurer

testifies that during the year commencing May 1, 1904, and expiring April 30, 1905, the holder did not obtain any other liquor tax certificate. There is evidence, as I have pointed out, that at the time of the alleged violations such certificate was in his possession and displayed in his place. And the excise agent testifies that when the holder sold the liquor to the agents he said to them that he only had "a growler's license and I can't sell by the drink." The term "growler" is "slang U. S. for a vessel, as a pitcher, jug, pail, or can, brought by a customer for beer." Century Dictionary. If there were any doubt as to the meaning of the term, it is dissipated by the explanation of the speaker, "and I can't sell by the drink."

I see no error in the record that would justify the disturbance of the judgment, and I therefore recommend that it and the order be affirmed, with costs. All concur.

---

(117 App. Div. 318)

### THAYER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. RAILROADS—OPERATION—PERSONAL INJURIES—PERSON ON TRACK—QUESTION FOR JURY.

In an action for injuries from being struck by a train while caught in the cattle guards, evidence *held* to present a question for the jury whether the engineer made a proper effort to stop the train after discovering plaintiff's peril.

2. APPEAL—REVIEW—QUESTIONS OF FACT—NONSUIT.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4024.]

Chester, J., dissenting.

Appeal from Trial Term.